HARRINGTON *v.* NEW YORK CENT. & H. R. R. CO.

*(Supreme Court, General Term, Fourth Department. November, 1888.)* ˙

MASTER AND SERVANT—NEGLIGENCE OF MASTER—EMPLOYMENT OF CO-SERVANTS.

    A servant cannot recover of the master for negligence in employing a foreman addicted to intoxication, where there is no evidence that his habits rendered him unfit for the duties of his position when sober, and no evidence of intoxication on the day the injuries complained of were sustained, but the evidence is that he was sober on that day.   •

Appeal from circuit court, Oneida county.

Action by Daniel Harrington against the New York Central & Hudson River Railroad Company. Defendant appeals from a judgment on a verdict for plaintiff, and an order denying a motion for new trial on the minutes.

Argued before HARDIN, P. J., and FOLLETT and MARTIN, JJ.

*C. D. Prescott,* for appellant.   *O. P. Backus,* for respondent.

MARTIN, J. The plaintiff based his right of recovery in this action upon the negligence of the defendant. The plaintiff was injured while in the em-

ploy of the defendant as a laborer on the track of its railroad. One Wienkauff was also in the defendant's employ as a section foreman, and had charge of a gang of track hands, of which the plaintiff was one. The only negligence charged was the employment, or retention in its employ, of Wienkauff as section foreman. It was alleged in the complaint that "Wienkauff was a reckless and incompetent person, wholly unfit for his position and the duties of it, which was known to the defendant, and of which plaintiff was ignorant." The only incapacity or unfitness sought to be established on the trial was that Wienkauff was addicted to the intemperate use of intoxicating drinks. The plaintiff proved that upon three occasions previous to the accident Wienkauff had been intoxicated: once when unexpectedly called upon on a Sabbath to work upon the defendant's road, and twice when not engaged in his employment. There was no proof that defendant knew or had notice of Wienkauff's intoxication upon either of those occasions, nor that it knew that he was accustomed to use strong drink. There was also proof that, while at work on defendant's road, Wienkauff sometimes drank hard cider to an extent that caused his partial intoxication, but there was no proof that the defendant had any notice or knowledge of that fact. Several witnesses were called by the plaintiff who testified that Wienkauff had the reputation in the neighborhood where he resided "of being a drinking man."

It may be that the evidence was sufficient to present a question of fact for the jury (1) as to Wienkauff's unfitness for the position of section foreman because of his habits in the use of strong drink; and (2) as to the defendant's constructive knowledge of his habits, or as to its negligence in employing him without ascertaining his character in that respect. If, however, we assume that these were proper questions for a jury, then the more serious question arises whether the intemperate habits of Wienkauff in any way contributed to produce the plaintiff's injury. There was no proof that Wienkauff was incompetent or unfit for his position, unless rendered so by intoxication. We find no evidence to sustain the theory that his habits had in any way disqualified or unfitted him for the proper performance of the duties of his position when he was sober. Therefore, unless Wienkauff was intoxicated on the morning of the accident, we do not perceive how the fact that he had been intoxicated upon the occasions mentioned in any way contributed to produce the plaintiff's injury. It is clear that his injury was not occasioned by the intoxication of Wienkauff at other times. If Wienkauff was sober on the morning of the accident, it must follow, we think, that the intoxication proved in no way contributed to plaintiff's injury, and hence, even if the defendant was negligent in employing Wienkauff because of his intemperate habits, still, as such negligence did not contribute to plaintiff's injury, it was not actionable, and cannot form a basis for the recovery in this action.

There was no proof whatever that Wienkauff was intoxicated on the day of the accident. The plaintiff himself testifies: "I can't say he was drunk that morning." No witness testified that he was. Six witnesses testified in substance that he was sober. We are of the opinion that the evidence totally failed to show any negligence on the part of the defendant which entitled the plaintiff to a recovery in this action. Moreover, the evidence as it now stands tends to show that the plaintiff's injury was the result of his own heedlessness. We think the court erred in denying the defendant's motion for a nonsuit, and that a new trial should be granted. Judgment and order reversed on the exceptions, and a new trial granted, with costs to abide the event.

All concur.